Smith, J.
On the 30th of November, 1897, John 0. Schwartz, the prosecuting attorney of this county, having obtained the leave of this court to do so, filed his petition in this case, stating that he, said Schwartz, prosecuting attorney for Hamilton county, on the relation of J. F. Meader, and *478 Harry Haacke,E. G. Schreifer and Samuel A.Miller,brings this action on behalf of the state of Ohio, and informs the court (in substance), that on September 22, 1897, Gustavus Tafel, then duly acting as the mayor of the city of Cincinnati, by virtue of the power vested in him by sec. 2690m, Revised Statutes,did remove, upon charges preferred before him,and a full hearing of the same, the said four defendants from their offices as members of the board of supervisors of said city, and did thereupon appoint to fill the vacancy in the unexpired term of said defendants, caused by their said removal, Henry Haacke to fill the unexpired term of said Sullivan; E. G.Schreifer to fill the unexpired term of Louis Werner, and S. A. Miller to fill the unexpired term of said Roe. That they qualified as such members of said board of supervisors, and having the legal title to said offices and the legal right to the possession of the property belonging thereto,demanded possession of t1 e place of meeting, books and other property used in the transaction of the business of said board, but the defendants refused, and still do refuse to surrender possession of said property, and unlawfully, without title or right thereto, retain possession of the same, and unlawfully hold the same and pretend to exercise the right to act as members of the said board of supervisors and transact the business belonging to said board. That the defendants did, and each of them have, since the 22nd day of September, 1897, and do now, usurp the office of members of the said board of supervisors, and unlawfully hold the same, and have and do usurp the rights, privileges and functions of such office, to the great prejudice and damage of the state of Ohio and the city of Cincinnati.
Wherefore the said prosecuting attorney prays the advice and judgment of the court in the premises, and due process of law against the said - defondants; that they be required to answer to the state of Ohio by what warrant they claim to have, use and enjoy the liberties, privileges *479 and franchises as aforesaid of'members of the said board of supervisors of the city of Cincinnati, and that they be -ousted therefrom, and for all proper relief.
This petition was signed by Mr. Schwartz, as the prosecuting attorney of the county of Hamilton, but not verified.
One of the defendants, Mr.-Rro.e, filed a motion to strike the petition from the files and' to dismiss the action for the following reasons: 1st. That the petition was not verified as required by secs. 5102 and 213,Revised Statutes; and 2nd., Because neither of the relators, or any one on their behalf, has given security for costs as required by sec. 6764, Revised Statutes.
Louis Werner and John Zumstein file separate demurrers to the petition,stating these grounds:
1st. Because the plaintiff'has-not legal capacity to sue, 2nd. Because there is a misjoinder of parties plaintiff. 3rd, Because there is a defect of parties plaintiff. 4th. Because there is a defect of parties defendant. 5th. Because several causes of action, and separate causes of action against several defendants are improperly joined; and 6th. Because the petition does not state facts sufficient to constitute a .cause of action.
We have heard the arguments of counsel on the questions raised by the motion and demurrer, and state our conclusions jas to these questions.
And first, as to those raised by the motion.
The action is one brought, by the state of Ohio, by the-prosecuting attorney of the county, duly authorized by law-to bring the same. Sec. 213-, Revised Statutes, provides, that “no undsrtaking or security is required on behalf of the state, or of any officer thereof in the prosecution or defense of any action, writ or proceeding. Nor is it necessary to verify the pleadings on the part of the state, or any officer thereof in any such action, writ on proceedings. ’’ Sec. 6762, under the provisions of the statute as to Quo Warranto pro *480 ceedings,says, that the prosecuting attorney is authorized to bring such action when he has good reason to believe that it can be established by proof. By sec. 6763, he may bring such action upon his own relation, or on leave of the court, (which was given here), on the relation of another. And in an action like this,he may require security for costs to be given as in other cases, but is not bound to do so. Where the action is brought by a private person claiming to be entitled to a public office unlawfully held by another, he may by himself, or an attorney at law bring such an action upon giving security for costs. Sec. 6764. This is not such an action. The motion is therefore overruled.
Second. As to the demurrer, we hold 1st. That the plainiiff in this case, (the state of Ohio), has the legal capacity to sue. 2nd. That there is but one plaintiff (the state), and therefore that there is no misjoinder of parties plaintiff. 3rd. That there is no defect of parties plaintiff.' 4th. That there is no defect of parties defendant. 5th. That several causes of action are not improperly joined, There is but one cause of action,
6th. As to the 6th ground, included in the fifth, viz., that separate causes of action against several defendants are improperly joined, there is much more difficulty. We have no hesitation in saying that as at present advised, if the facts in this case as stated, and as we understand conceded to be true, appeared on the face of the petition, we would hold that there would appear to be separate causes of action against each one of these defendants, and therefore, that they were improperly joined in one action, and that the demurrer would have to be sustained, as the statute, sec. 5062, makes this a good ground of demurrer to a petition. It is evident from these statements of counsel, and which facts do not appear on the face of the petition, that separate charges were brought against each of these defendants— that a separate trial was had in each case, and as a necessary *481 consequence, different evidence in each, and a separate judgment of removal in each case. It can not be, we suppose, that there was any necessary connection between the case of one of these defendants and that of either of the others, There was no common bond of union between them, and each of them must stand on his own footing, and that it is not allowable to permit one defendant to be joined in and burdened with the costs and expenses of a litigation as to the right of one or more other persons to an office, when in law the result of such litigation can not affect him — however much personal interest he may'feel therein.
Of course, we recognize the law to be that if all the persons whose right to hold office is in controversy,stand in the same position, as for instance, where they claim to hold by virtue of a statute the validity or constitutionality of which is denied or contradicted, the reasons urged would not apply, and we think the authorities are that in such case, all may be made defendants to one quo warranto proceeding. But in a case where it appeared that separate proceedings were had against each to remove him, and on grounds pertinent to each, and there were several judgments, in our opinion, there could not be a joint proceeding against ail.
But on the allegations of this petition, we do not see that this question is properly prosecuted for decision. As .we understand it, the pleadings in quo- warranto cases are peculiar — -such was the case before the comparatively recent amendment of our code of civil procedure brought them within its provisions, and this court held several years ago, in a case reported in 13 C. C. Rep., 379, that the effdct of this, was not substantially to change the character of the pleadings. Our. recollection of the law is, that according to the old system, it was not necessary where the state challenged the right of a person to hold a public office, that there should be any great.particularity in the statements of the petition in quo warranto. That all that was essential *482 was that the plaintiff should allege that the defendant was unlawfully usurping a certain office,and call upon him to answer by what warrant he claims the right to do so. If this Be so still, and we incline to the opinion that it is, this petition is sufficient to require the defendants to file their answer and show their right, and upon this an issue can be raised by reply or demurrer. On these grounds therefore, we hold that the demurrers are not well taken, and they will be overruled; but if we are right in the suggestions before made, as to the real facts being that there are separate causes of action against the several defendants, and that this would appear from the answer filed, it would seem advisable that separate proceedings be had against the several defendants, in the first instance.
S. N. Maxwell, and Mr. Eollett, for Relator.
E. W. Kittredge, and W. M. Ampt, for Defendants.